**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JON HENRY,<br><br>    Plaintiff - Appellant,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, San Francisco,<br><br>    Defendant - Appellee. | No. 14-15386<br><br>D.C. No. 4:12-cv-05818-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted March 15, 2016[**]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and HELLERSTEIN,[***] Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Jon Henry appeals the district court's grant of summary judgment in favor of the Regents of the University of California. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1.     The district court did not err in excluding some of Henry's allegations from its consideration. Under Title VII of the Civil Rights Act ("Title VII") and the Fair Employment and Housing Act ("FEHA"), an employee is required to exhaust his or her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") (for Title VII claims) or the California Department of Fair Employment and Housing ("DFEH") (for FEHA claims). *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990); *Martin v. Lockheed Missiles & Space Co.*, 35 Cal. Rptr. 2d 181, 183 (Cal. Ct. App. 1994). "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *Green v. L.A. Cty. Superintendent of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (quoting *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984)).

Henry only included one specific incident[1] in his July 2012 administrative charge—the discovery of a noose in an inventory warehouse allegedly hung by a Facilities Maintenance Assistant Supervisor (the "Assistant Supervisor"). Although Henry alleged additional incidents in his complaint and in his brief in opposition to summary judgment (the "Additional Allegations"), these incidents were not "like or reasonably related to" the allegations in his administrative charge. Henry claims that "an EEOC investigation would reasonably uncover these other allegations." The EEOC did not investigate Henry's July 2012 administrative charge. However, the University of California, San Francisco ("UCSF") investigated the noose incident thoroughly, and UCSF investigators did not uncover any of Henry's Additional Allegations.[2] Henry does not explain why an EEOC investigation would have reasonably uncovered these allegations.

---

[1]Henry also alleged in his administrative charge that he was harassed and discriminated against because of his race. However, merely mentioning the word "discrimination" in an administrative charge is not sufficient, as "the inquiry into whether a claim has been sufficiently exhausted must focus on the factual allegations made in the charge itself." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002).

[2]We note that UCSF investigators conducted at least thirty-nine interviews and none of the individuals interviewed had witnessed any racist or discriminatory behavior by the Assistant Supervisor. Indeed, UCSF investigators concluded that (1) there was "no evidence to substantiate that [the Assistant Supervisor] has acted with any animus towards African Americans," and (2) "the Facilities Maintenance Department is not a racially hostile environment in violation of UCSF Policies."

2.      The district court did not err in granting summary judgment on Henry's hostile work environment claims, because Henry has not shown "conduct [that] was sufficiently severe or pervasive to alter the conditions of [his] employment." *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002)). "[I]solated incidents (unless extremely serious)" are not severe or pervasive enough to alter the conditions of employment. *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Henry has not provided any evidence, other than his own conclusory allegations, that shows any racial motive behind the noose incident or that the noose was directed at him personally. Henry's allegations represent "[i]solated incidents" and do "not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher*, 524 U.S. at 788.

3.      The district court did not err in granting summary judgment on Henry's retaliation claims, because Henry has not shown that UCSF subjected him to "an adverse employment action." *See Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006). UCSF did not terminate Henry's employment, suspend him, place him on leave without pay, demote him, or reduce his pay. Although Henry argues for a broad definition of "adverse employment action," which would include his hostile work environment allegations, he has not succeeded on his hostile work

environment claims. Further, Henry has not shown retaliation that produced an injury or harm, or that would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

**AFFIRMED.**